# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Donald Dye,

                    Plaintiff,

vs.

Jerzy Kopiec,

                    Defendant.

Case No. 2:25-cv-02189-JCM-MDC

**ORDER**

Plaintiff filed a *Motion For an Order Charging the Membership Interest of Judgment Debtor Jerzy Kopiec in Scientium LLC* ("Motion") (ECF No. 3). Plaintiff seeks to charge the membership interest of defendant in Scientium LLC, a Nevada limited liability company. *ECF No. 3*. Plaintiff seeks to do this so that he can ensure that the judgment it obtained over defendant in another federal court proceeding is paid in full. *Id*. For the reasons below however, the Court finds that plaintiff has not properly served defendant in this case.

Service of process in civil cases is governed by Federal Rule of Civil Procedure 4. Under Rule 4(e), service to individuals can be done by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Nevada and Florida state rules for serving individuals are similar the federal rule requirements. Under Nevada Rule of Civil Procedure ("Nevada Rule") 4.3, a party may serve an individual outside Nevada, but within the United States "in the same manner as

1

provided in Rule 4.2(a)… or as prescribed by the law of the place where the defendant is served." *Id.* Under Nevada Rule 4.2(a) service can be made on an individual:

> (1) by delivering a copy of the summons and complaint to the individual personally;
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Nev. R. Civ. P. 4.2(a). Service of process is made in Florida by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Plaintiff did not demonstrate that he served the defendant with a copy of his Motion. More importantly, plaintiff has not properly served the defendant with notice of these proceedings. Plaintiff filed a proof of service stating that an employee of the law firm representing him "deposited copies of the [Registration of Foreign Judgment (ECF No. 1)] in the United States Mail… with first class postage" to what seems to be defendant's Florida residential address. *ECF No. 2*. Plaintiff's attempted service by first class postage mail does not adhere to any of the service of process rules stated above. Furthermore, plaintiff did not file a motion for alternative service seeking to serve defendant by mail. Therefore, the Court orders that plaintiff properly serve defendant and file proof of service by **March 5, 2026**. Not adhering to this Order may result in this case being dismissed pursuant Federal Rule of Civil Procedure 4(m) and/or LR 4-1. The Motion is also **DENIED** as moot because plaintiff has not yet properly served defendant in this case. Plaintiff may refile the Motion if he properly serves defendant and files proof of service by the Court's stated deadline above.

//

//

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's Motion (ECF No. 3) is **DENIED** as moot. Plaintiff may refile the Motion if he properly serves defendant and files proof of service.

2.  Plaintiff properly serve defendant and file proof of service by **March 5, 2026**. Not adhering to this Order may result in this case being dismissed pursuant Federal Rule of Civil Procedure 4(m) and/or LR 4-1 if plaintiff does not properly serve defendant.

IT IS SO ORDERED.

DATED: February 5, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge